IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA JOHNSON IWUALA a/k/a LINDA CHUNN, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1404-X-BN |
| COUNTRY WIDE FINANCIAL, ET AL., | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Linda Johnson Iwuala a/k/a Linda Chunn ("Iwuala") filed a *pro se* complaint in June 2025 asserting claims that are difficult to decipher but all of which appear to be based on events that occurred years (if not decades) ago. *See generally* Dkt. No. 3.

United States District Judge Brantley Starr referred Iwuala's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Iwuala leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 7.

And, having reviewed the complaint, the undersigned recommends that the Court dismiss this case under 28 U.S.C. § 1915(e)(2).

## Discussion

Liberally construed, Iwuala appears to allege that the defendants obtained her home through fraud based on documents included in the complaint that are dated

from 2000, 2002, and 2006. *See* Dkt. No. 3 at 2-6. And, while Iwuala alleges that she was "terrorised from 1978 [to] today 6/4/25," *id.* at 1, no facts alleged support applying the continuing violation doctrine to this case. Nor has Iwuala plausibly alleged a basis to equitably toll the statute of limitations. So, for the reasons explained below, Iwuala's complaint demonstrates that her claims are time-barred. And the Court should dismiss the complaint under Section 1915(e)(2).

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Relatedly, "[a] complaint is 'subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.'" *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))); *accord Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) ("'[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are

properly dismissed' as frivolous pursuant to § 1915(e)." (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))).

Here, regardless of whether Iwuala alleges claims under 42 U.S.C. § 1983 for violations of her constitutional rights, *see* Dkt. No. 3 at 1, or fraud (or perhaps wrongful foreclosure or to quiet title) under Texas law, the claims are subject to statutes of limitations that expired years before this lawsuit was filed, *see Jenkins*, 151 F.4th at 747 ("'The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.' In Texas, a two-year statute of limitations governs personal injury claims." (quoting *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018), then citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b))); *Bardere v. Hughes, Watters & Askanase, LLP*, No. 3:12-cv-5125-M-BK, 2013 WL 12126276, at *1 (N.D. Tex. Mar. 28, 2013) (observing that a four-year limitations period "applies in a quiet title action where it is alleged that the deed is voidable" and for claims of wrongful foreclosure and fraud (citing *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App. – Fort Worth 2010); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex. App. – Dallas 2004); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4))), *rec. accepted*, 2013 WL 12126277 (N.D. Tex. June 28, 2013).

That is because claims accrue (under either federal or Texas law) "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987))); *see also, e.g.*,

*Williams v. Kroger Tex., L.P.*, No. 3:16-cv-1631-L, 2016 WL 5870976, at *3 n.1 (N.D. Tex. Oct. 16, 2016) ("The statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury." (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998))).

Put another way, for accrual, "the proper focus is on the time of the [allegedly wrongful] act, not the point at which the consequences of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam) (cleaned up).

The collection of documents that make up Iwuala's complaint and her scattered allegations fail to raise a reasonable inference that the acts complained of first occurred in – or were undiscoverable prior to – June 2021 (four years prior to the filings of this lawsuit). *See, e.g.*, Dkt. No. 3 at 4 (alleging that her "initial filing [of] a complaint of the fraudulent deed to [her] property" was in 2002); *cf. Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) ("The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry which, if pursued, would lead to discovery of the concealed cause of action." (cleaned up)).

And Iwuala fails to show that the continuing violation doctrine could apply here to extend the limitations period where she fails to allege facts that could link the alleged violations to each other or to related events alleged to have occurred inside the statute of limitations. *See Hendrix v. City of Yahoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990) ("[T]he continuing violation doctrine embraces two types of cases. The first includes cases in which the original violation occurred outside the statute of

limitations but is closely related to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation. The second type of continuing violation is one in which an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations." (cleaned up)); *Williams v. United States*, Civ. A. No. 24-00225-BAJ-SDJ, 2025 WL 915041, at *2 (M.D. La. Mar. 26, 2025) ("Plaintiffs have fallen short of meeting the requirements for the continuing violation doctrine. Plaintiffs fail to bring forth any evidence linking the alleged violations by Defendants to one another. The Court concludes that, as alleged, the actions of Defendants and are not closely related as required by the continuing violation doctrine." (citing *Hendrix* 911 F.2d at 1103)), *aff'd as modified*, 2025 WL 3068488 (5th Cir. Nov. 3, 2025).

Iwuala also fails to show that equitable tolling could apply where the complaint fails to even hint (1) "that some extraordinary circumstance stood in [her] way and prevented timely filing" of this lawsuit, *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)), and (2) that she acted with "reasonable diligence" to bring this action, *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; further observing that "[w]hat a [litigant] did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall" (footnote omitted)); *see, e.g.*, *Peterson v. United States*, No. 8:18-cv-

217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) (noting that, although the statute under which the claims were asserted "is subject to equitable tolling," "[t]he plaintiff does not even mention that it applies" and, "[i]n light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous" (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

In sum, based on the face of the complaint, the claims made by Iwuala are time-barred and subject to dismissal.

## Recommendation

The Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915(e)(2) because the claims are facially time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 10, 2025

                                                    _____
                                                    DAVID L. HORAN
                                                    UNITED STATES MAGISTRATE JUDGE